## JANUARY TERM, 1844.

### Angus M'Intyre, *v.* Ledyard, Hatter, & Co.

Exceptions to the opinion of the Chancellor, on the trial of an issue before him, exclud_
ing or admitting testimony, must be taken at the time and entered upon the minutes.

*Oral* evidence will not in any case be admitted on the trial of an issue in this Court; not
even to prove the incompetency, show the interest, or attack the credibility, of the wit-
ness.

An administrator, who is also the son of his intestate, is not a competent witness, to prove
that his intestate did not execute a note, upon which it was attempted to render him
liable.

An administrator, who revives a suit of a deceased complainant is not a competent wit-
ness, on behalf of his intestate, because he is liable for costs.

An issue was ordered by the Chancellor to ascertain a question of
fact, about which the testimony was conflicting. It is only neces-
sary to notice such parts of the evidence and pleadings as tend to
elucidate the points of practice decided in the case ; the merits of
the controversy not now coming under review.

The bill was filed by Archibald M'Intyre, in his lifetime, to
enjoin the levy of an execution, in favor of the defendants, Ledyard,
Hatter, & Co. ; upon the ground that he had not made the prom-
issory note upon which the judgment in their favor had been ren-
dered ; that no process in the suit at law had ever been served upon
him, and that he had not executed and delivered the forthcoming
bond, upon which the execution sought to be enjoined, purported
to have issued.

Archibald M'Intyre died, pending the suit ; and his son, Angus
M'Intyre, having administered upon the estate, revived the action
in his name. His deposition, after he had taken out letters of ad-
ministration, and revived the suit, was taken, to be read on behalf
of the complainant ; upon the trial of the issue, the deposition was
rejected by the Chancellor.

An attempt was then made, by counsel for the defendants, to
introduce oral proof, that sundry witnesses, who had testified in the
cause on the part of the complainant, were not worthy of being

believed upon their oaths ; and that three of them, who had testified that they were members of the family of Archibald M'Intyre, were, in point of fact, his daughters ; and therefore, on the ground of interest, disqualified to give testimony in the case ; the Chancellor, however, refused to permit the testimony to be introduced.

Judge *Clifton*, for the defendants.

It is desired, on the part of the defendants, to reserve several questions, which your Honor has decided against us ; is it the practice of the Court, upon the trials of issues before it, to entertain bills of exception to the opinion of your Honor ?

By the Chancellor. The practice in such cases is, to note the exception taken to the deposition, at the time when the deposition is offered, and have it entered upon the minutes of the Court, in which event, the objection is reserved for the final hearing of the case ; when, if convinced of any error in my decision, of sufficient importance to affect the finding of the jury, it will be set aside, and a new issue awarded ; or, I would proceed to decide the case myself. Should I find no error in my opinion, the party feeling himself aggrieved would then have the benefit of the exception, upon an appeal.

On behalf of the complainants, Messrs. *Hutchinson* and *Foote* argued the questions of law, upon excluding the depositions of Angus M'Intyre, and the oral proof offered.

Messrs. *Mayes* and *Clifton*, for the defendants.

The Chancellor made the following decision : I cannot hesitate about excluding the deposition of Angus M'Intyre. He is a party to the record, as administrator to the original complainant, who has died since the institution of the suit. If this case should be decided against him, and in every case where an administrator is a party, there is the possibility of that contingency, unless this Court will certify " *that there were probable grounds for instituting, prosecuting, or defending the action,*" as the statute requires, the administrator will be directly liable for costs. He is, of course, then, interested, at least to the extent of the costs, in the case, and his testimony would, in law, necessarily be affected by that direct

and immediate interest, and would, on that account alone, have to be excluded.

But the other ground is also well taken. He is the son of his intestate ; if, by his testimony, he succeeds in discharging his ancestor from the debt, with which it is sought to charge him, he swells his own distributive portion of the intestate's estate, and reaps the reward of, perhaps, his own iniquity. Such temptation to the commission of perjury, can never be held out by this Court ; an interest so direct and palpable, so full of inducement to sway the integrity of the witness from the path of truth, must forever exclude him.

With reference to the admission of the oral testimony, to prove the relationship of the female witnesses to the complainant's intestate, and to attack their credibility, I am equally clear. It cannot be admitted, without a violation of well settled rules of equitable practice.

Depositions, to be admitted upon the trial, either of an issue, or in chief, must be *in writing*, taken upon notice to the opposite party, after a strict compliance with the prescribed rules on that subject. To establish a different practice, would be the introduction of endless confusion, and work the greatest injustice. That this is so, will be at once apparent from the consideration of the application in this case. It is proposed, for the first time, to impeach, by the introduction of oral proof, the character of the witnesses, whose testimony taken upon due notice, and in due form, has been filed in the case. The parties to this controversy, and the witnesses, all live in a distant county. To permit such a question to be sprung upon them here, away from the means, perhaps, of sustaining their credibility, or at least combatting and counteracting by other evidence, the proof now attempted to be introduced, ignorant of the intended attack, without notice and without preparation, would be to countenance, what it is apparent, at the first blush, would work the greatest injustice. Especially when it is taken into consideration, that the party now offering to introduce this proof, had the fullest opportunity, in the usual mode, of accomplishing his end. These very witnesses, when under examination, might have been asked one of the questions it is proposed to propound to the witness, in open Court.

The more I reflect upon the propriety of the rule, the more I am satisfied that it should be inflexible.

Had these objections appeared of record, if they exist at all, I should not hesitate to exclude the depositions : as it is, however, they must be admitted.